IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RALPH RUFFOLO and
MARY RUFFOLO,

Plaintiffs,

v.

WISCONSIN DEPARTMENT OF
NATURAL RESOURCES,
KAREN HYUN, in her official capacity as
Secretary of the Wisconsin Department of
Natural Resources,[1] and
JOSH KAUL, in his official capacity as
Attorney General of Wisconsin,

Defendants.

OPINION AND ORDER

23-cv-635-wmc

Plaintiffs Ralph and Mary Ruffolo filed a complaint in state court seeking declaratory and injunctive relief from three Wisconsin agencies -- the Wisconsin Department of Natural Resources, the Natural Resources Board, and the Department of Justice. (Dkt. #1-1, at 6.) The Ruffolos claimed that these defendants' interpretation and enforcement of the Wisconsin Spills Law, Wis. Stat. § 292 *et seq.*, which required them to clean up environmental pollution not caused by them at a commercial property they owned, violates the Fourteenth Amendment to the United States Constitution and exceeds the reach of the statute itself. (*Id.* at 21.) In an amended complaint, plaintiffs subsequently dismissed the NRB and DOJ, but added as defendants in their official capacities the Secretary of the Department of Natural Resources, and the Wisconsin Attorney General.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Karen Hyun has been substituted for Adam Payne as the current Secretary of the Wisconsin Department of Natural Resources.

(*Id.* at 850)  After being served, these newly named defendants filed a notice of removal. (Dkt. #1.)

Pending before the court are: (1) defendants' motion to dismiss (dkt. #2); (2) plaintiffs' motion to remand (dkt. #6); and (3) plaintiffs' motion to file a sur-reply opposing defendants' motion to dismiss (dkt. #19).  Additionally, on January 28, 2026, the Ruffolo's filed a notice with this court advising that they no longer own the property at the center of this case.  (Dkt. #28.)  For the reasons explained below, the court will grant plaintiffs' motion to remand on alternate grounds and deny the parties' remaining motions as moot.

## UNDISPUTED FACTS[2]

In 1986, the Ruffolos purchased a commercial property located in Kenosha, Wisconsin (the "Property"), which contains a single building where the Ruffolos operate a bicycle shop and a skateboard shop.  The previous owners operated it as a lawn and garden shop.  The Ruffolos did not ask for or perform any environmental assessment of the Property when they purchased it.  After 36 years, the Ruffolos decided it was time to sell the Property and retire.  Soon after, they received an offer to purchase the Property subject to an environmental site assessment.

Two studies were performed, first by DAI Environmental and a second by Hyde Environmental Inc.  These studies revealed petroleum and trichloroethene ("TCE")

---

[2] The facts set forth here are adopted from the amended complaint filed with defendants' notice of removal (dkt. #1-1, at 850-75), along with its incorporated exhibits, unless otherwise noted.

contamination, which was reported to the DNR.  In response, the DNR sent the Ruffolos a letter advising that they were responsible for remediating the contamination under the Wisconsin Spills Law, informing them of what was expected in the remediation process, and suggesting they hire environmental consultants to help.  Following the DNR's recommendation, the Ruffolos hired Hyde to perform remedial work on the Property, which came at great expense. This lawsuit followed, challenging the defendants' interpretation and enforcement of the Wisconsin Spills Law as requiring the Ruffolos to remediate pollution they did not cause.

OPINION

After receiving plaintiffs' January 28, 2026, notice that they sold the Property, the court sought additional briefing from the parties to determine whether it maintained jurisdiction. (Dkt. #29.)  In response, the parties agreed that plaintiffs' sale of the Property mooted the case, but disagreed as to how the court should proceed, with defendants arguing for dismissal and plaintiffs arguing for remand.  (Dkt. ##30, 31.)  Although unaware what relief remains available to plaintiffs in state court, the court will follow the plain language of 28 U.S.C. § 1447(c) and remand the case because it lacks subject matter jurisdiction.

Section 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  For this court to have subject matter jurisdiction, plaintiffs must have Article III standing.  *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018).  Article III standing requires that at all stages of review a plaintiff must have a personal stake in the action's outcome.  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160-61 (2016).  A personal stake in an action is lost if

an intervening circumstance makes it impossible for a court to grant any effectual relief. *Id*; *see also United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) ("A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." (citations omitted)).

Here, the parties agree that plaintiffs no longer have a personal stake in the action, having sold the Property that forms the basis of their claims.  With no personal stake, the case is moot, depriving plaintiffs of Article III standing.  Without Article III standing, the court no longer has subject matter jurisdiction and would ordinarily remand a case removed from state court.  28 U.S.C. § 1447(c)

Nevertheless, defendants argue that dismissal, not remand, is the appropriate result. However, their cited authority for dismissal is unpersuasive.  First, defendants cite on *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379 (7th Cir. 2010), where the Seventh Circuit vacated a district court's order to remand after holding that a plaintiff's amended complaint, filed after removal, did not affect jurisdiction.  *Id.* at 381.  To begin, that case is not on all fours with this case, since a case or controversy remained.  *Id.* at 380 (plaintiff's complaint only omitted its class allegations).  More importantly, the reasoning that post-removal amendments cannot divest a federal court of jurisdiction was abrogated by the Supreme Court's decision in *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). *See id.* at 30 ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff

eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves.").

Second, defendants cite *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381 (1998), which they argue recognized "that remand to state court was not required under § 1447(c) because, 'at the time of removal, this case fell within the 'original jurisdiction' of the federal courts.'" (Dkt. #30, at 4 (quoting *Schacht*, 524 U.S. at 391.))  However, unlike the present case, where the court lacks subject matter jurisdiction over every claim in the case, *Schacht* discussed what § 1447(c) allows a district court to do when it loses jurisdiction of *some* but not *all* claims in a case.  *Schacht*, 524 U.S. at 391-92.

Accordingly, the court will follow the plain language of 28 U.S.C. § 1447(c) and remand this case to state court for further disposition as it sees fit.

## ORDER

IT IS ORDERED that:

1.  Plaintiffs' motion for remand (dkt. #6) is GRANTED on alternate grounds.

2.  Defendants' motion to dismiss (dkt. #2) is DENIED as moot.

3.  Plaintiffs' motion to file a sur-reply (dkt. #19) is DENIED as moot.

4.  This case is remanded to the Circuit Court for Jefferson County, Wisconsin, and the clerk of court is directed to return the record to that court.

Entered this 12th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5